UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ANN YELA OF FARLEY, PIAZZA AND ASSOCIATES, guardian ad litem for J.P.V., a minor,**

           Plaintiff,

v.

**MACERICH PROPERTY MANAGEMENT COMPANY, LLC, a foreign corporation dba Washington Square, and THYSSENKRUPP ELEVATOR CORPORATION, a foreign business corporation,**

           Defendants.

Case No. 3:14-cv-02056-ST

**FINDINGS AND RECOMMENDATION**

**STEWART, Magistrate Judge:**

## INTRODUCTION

After defendant ThyssenKrupp Elevator Corporation ("ThyssenKrupp") filed a Notice of Removal (docket #4) on December 30, 2014, based on diversity of citizenship, defendant Macerich Property Management Company, LLC ("Macerich") immediately filed a Notice of Joinder (docket #5). On January 8, 2015, Macerich filed a Corporate Disclosure Statement, revealing that its sole member is a limited partnership with many partners, one of whom is a trust whose trustee resides in Oregon (docket #8). Based on that disclosure, the court issued an Order

1 – FINDINGS AND RECOMMENDATION

to Show Cause why this case should not be remanded to state court based on lack of complete diversity of citizenship (docket #10).  Since defendants did not contest a remand of this case (docket #11), a Judgment was entered on January 21, 2015, remanding this case to state court (docket #12).

Plaintiff, Ann Yela of Farley, Piazza and Associates, guardian ad litem for J.P.V., a minor, has filed a Motion for Award of Attorney Fees against Macerich in the sum of $12,811.50 (docket #14).  For the reasons set forth below, that motion should be denied.

## FINDINGS

Pursuant to 28 USC § 1447(c), after remanding a case, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as the result of the removal."  In exercising that discretion, attorney fees should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal" and should be denied "when an objectively reasonable basis exists."  *Martin v. Franklin Capital Corp.*, 546 US 132, 141 (2005).

Given the lack of diversity jurisdiction revealed by its Corporate Disclosure Statement, Yela argues that Macerich had no objectively reasonable basis for removal.  However, Macerich has submitted evidence to show that it had an objectively reasonable basis for joining ThyssenKrupp's Notice of Removal and that its joinder was not filed for an improper purpose.

ThyssenKrupp's Notice of Removal filed on December 30, 2014, stated that Macerich was a Delaware limited partnership.  Street Decl. (docket #17), ¶ 5.  Because the January 2, 2015 deadline to timely file a joinder in the removal was quickly approaching, Macerich's attorney filed its joinder that same day, believing that Macerich was domiciled only in Delaware.  *Id*, ¶¶ 6-7.  On January 8, 2015, when preparing Macerich's Corporate Disclosure Statement, Macerich's attorney learned for the first time that Macerich's sole member was a limited

partnership domiciled in Delaware with a large number of partners and that her client was unsure of the identity and citizenship of each.  *Id*, ¶ 8.  She then immediately requested a list of all the partners and later that day was provided a spreadsheet listing 99 partners.  *Id*, ¶ 9.  Upon review, she found that one of the partners was a trust that was potentially domiciled in Oregon.  *Id*.  She asked her client to find out where the trustee resided, and the client responded that that it would try to find out, but that the information was not readily available.  *Id*, ¶¶ 10-11.  That same day, just nine days after joining in ThyssenKrupp's removal, she filed the Corporate Disclosure Statement noting the potential Oregon residence of the trust, thus placing plaintiff on notice of a likely remand.  *Id*, ¶ 12.

On January 9, 2015, the court issued the Order to Show Cause requesting a response from defendants by January 23, 2015.  *Id*, ¶ 13.  Shortly thereafter, plaintiff's attorney called to ask if defendants would be conceding the remand issue, and Macerich's attorney responded that they were looking into it and would get back to her as soon as possible.  Kocher-Moar Decl. (docket #18), ¶ 3.  In a telephone conference on January 14, 2015, to discuss discovery and disclosures, Macerich's attorney again told plaintiff's attorney that they were investigating the remand issue and would respond by January 20, 2015.  Street Decl., ¶ 14.  Later that day, Macerich confirmed that the trustee resided in Oregon, and its attorney advised the court on January 16, 2015, that the removal was not appropriate.  *Id*, ¶¶ 15-16.

Based on this chain of events, it is evident that by joining in ThyssenKrupp's removal, Macerich had an objectively reasonable basis.  Its attorney was acting on information that she had at the time in order to protect, and not waive, her client's right to timely remove this case from state court.  Neither she nor her client had complete information at that time to verify the residence of all 99 partners of the limited partnership member.  Furthermore, Macerich had no

improper purpose for filing its joinder, evidenced by its prompt notice to plaintiff's counsel of a likely remand. Accordingly, plaintiff's petition for attorney's fees should be denied.

Plaintiff's motion also should be denied because plaintiff did nothing to obtain the remand. This case was remanded based on the court's *sua sponte* Order to Show Cause and defendants' response to that Order. The court and defendants' counsel did all that was required for the case to be remanded. During 22 days that this case was in federal court from December 30, 2014, to January 21, 2015, plaintiff did not have to file a single pleading or make a single appearance. At least one court has denied attorney fees in a similar situation when plaintiff failed to contest the removal prior to the court issuing a show cause order and when defendant's removal was not frivolous. *Petrop v. Lassen Art Publ'ns, Inc.*, 939 F Supp 742, 746 (D Haw 1995). As in *Petrop*, an award of attorney fees to plaintiff who did nothing to obtain the remand of this case would be entirely unreasonable.

Alternatively, if any attorney fees are awarded, the amount requested should be greatly reduced. Only reasonable attorney fees incurred as a result of the removal are recoverable under 28 USC § 1447(c). *Albion Pac. Prop. Resources, LLC v. Seligman*, 329 F Supp2d 1163, 1166 (ND Cal 2004). A reasonable attorney fee is "the number of hours and the hourly rate that would be billed by 'reasonably competent counsel.'" *Id* at 1167, citing *Venegas v. Mitchell*, 495 US 82, 86 (1990) and *Blanchard v. Bergeron*, 489 US 87 (1989).

Plaintiff's attorney requests an award for spending 35.10 hours at an hourly rate of $365.00. However, a reasonably competent attorney would not have to do anything to get this case remanded back to state court. From at least January 8, 2015, when Macerich filed its Corporate Disclosure Statement, plaintiff's attorney was on notice of the strong likelihood that the case would be voluntarily remanded to state court. A reasonably competent attorney would

4 – FINDINGS AND RECOMMENDATION

not have needed to incur fees associated with removal during this time and certainly would not have had to spend about 18 hours ordering CLE materials, listening to CLE materials, reading CLE materials, contacting other attorneys to ask questions about court procedure, contacting attorneys regarding associating on case, reviewing rules of civil procedure and local rules, etc. Squires Decl. (docket #14-1), Ex. 1.  Any attorney admitted to this court is presumed to know the Federal Rules of Civil Procedure and the Local Rules and should not charge for the time necessary to "come up to speed" on them.

## RECOMMENDATION

Given the *sua sponte* action taken by this court and defendants' concession regarding remand, plaintiff's Motion for Award of Attorney Fees against Macerich (docket #14) should be DENIED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due Friday, March 13, 2015.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED  February 24, 2015.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge
